**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DERRICK ANDERSON,

                        Plaintiff,

v.                                        No. 08-CV-176
                                              (DNH/DRH)

MS. CONNELL, Superintendent, Oneida
Correctional Facility; P. NAUGHTON,
Deputy of Security, Oneida Correctional
Facility; B. SHARPSTENE, Correction
Officer, Oneida Correctional Facility; D.S.
HULL, Correctional Officer, Oneida
Correctional Facility; and SGT. FREY,
Sergeant, Oneida Correctional Facility;

                        Defendants.

---

**APPEARANCES:**                            **OF COUNSEL:**

DERRICK ANDERSON
Plaintiff Pro Se
75 Hastings Street
Buffalo, New York 14215

HON. ANDREW M. CUOMO             ADRIENNE J. KERWIN, ESQ.
Attorney General for the                   Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Derrick Anderson ("Anderson"), formerly an inmate in the custody of the

New York State Department of Correctional Services ("DOCS"), brings this action pursuant

---

[1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

to 42 U.S.C. § 1983 alleging that while he was incarcerated, the five defendants, all DOCS employees, violated his constitutional rights under the First, Fourth, and Fourteenth Amendments. Am. Compl. (Docket No. 29). Presently pending is defendants' motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 31. Anderson opposes the motion. Docket No. 34. For the following reasons, it is recommended that defendants' motion be granted in part and denied in part.

## I. Background

The facts are related herein in the light most favorable to Anderson as the non-moving party. See subsection II(A) infra.

On November 11, 2007, while incarcerated at Oneida Correctinal Facility ("Oneida"), Anderson was approached by defendant Frey, a sergeant, and agreed to resolve a grievance in return for Frey's promise to that his officers would cease "harassing [Anderson, verbally abusing [Anderson], . . . tampering with [Anderson's] mail [and] food, and writing [Anderson] falsified misbehavior reports." Am. Compl. ¶ 1. Shortly after Frey left the cell, defendants Sharpstene and Hull, corrections officers, searched Anderson's cell for twenty-five minutes. Id. ¶¶ 2-3. Sharpstene and Hull left without indicating that they had found any contraband but returned an hour later with a contraband receipt noting that an "unauthorized organization" letter had been found in Anderson's cell. Id. ¶ 3. Despite the alleged violation of DOCS rules, Anderson was not charged with any violation. Id. ¶ 4. However, Anderson was charged with disciplinary violations in two other misbehavior reports from the officers which were unrelated to the cell search or contraband. Id.

As a result of the misbehavior reports, Anderson underwent a disciplinary hearing over which defendant Naughton, Deputy of Security, presided. Am. Compl. ¶ 5. During the hearing, Naughton interrupted Anderson, refused to require Frey to answer Anderson's questions, scolded Anderson for being loud, cursed at Anderson, and threatened to impose a Special Housing Unit ("SHU")[2] penalty. Id. ¶ 7. Additionally, while the hearing was pending, Naughton was also investigating complaints by Anderson regarding Frey, Sharpstene, and Hull. Id. ¶ 5. Anderson was found guilty of the charges by Naughton and was sentenced to 120 days in SHU. Id. This action followed.

## II.  Discussion

In his amended complaint, Anderson alleges that defendants violated his First Amendment rights by filing false misbehavior reports against him in retaliation for grievances Anderson had previously filed. Additionally, liberally construing the amended complaint, Anderson contends that the cell search conducted by Sharpstene and Hull and authorized by Frey violated his Fourth Amendment rights. Lastly, Anderson contends that Naughton's actions violated Anderson's due process rights. Defendants contend that Anderson has failed to allege defendant Connell's involvement and that Anderson's claims lack merit.

---

[2]SHUs exist in all maximum and certain medium security facilities. The units "consist of single-occupancy cells grouped so as to provide separation from the general population . . . ." N.Y. Comp. Codes R. & Regs. tit. 7, § 300.2(b). Inmates are confined in a SHU as discipline, pending resolution of misconduct charges, for administrative or security reasons, or in other circumstances as required. Id. at pt. 301.

3

## A. Legal Standard

Rule 12(b)(6) authorizes dismissal of a complaint that states no actionable claim. When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). However, a complaint containing conclusory allegations without factual support fails to meet even the liberal standard of Rule 12(b)(6). De Jesus v. Sears, Roebuck & Co. 87 F.3d 65, 70 (2d Cir. 1996). Thus, dismissal is only warranted if it appears, beyond a reasonable doubt, that the non-moving party cannot prove a set of facts which would support his or her claim or entitle him or her to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Harris v. City of N.Y., 186 F.3d 243, 247 (2d Cir. 1999).

When, as here, a party seeks dismissal against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," . . . that a pro se litigant's submissions must be construed "liberally,". . . and that such submissions must be read to raise the strongest arguments that they 'suggest. . . . . At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, . . or arguments that the submissions themselves do not "suggest, . . ." that we should not "excuse frivolous or vexatious filings by pro se litigants" . . . and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law . . . ."

Id. (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-92 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his

pleadings liberally.'" (citations omitted)).³

## B. Personal Involvement

Defendants contend that Anderson has failed sufficiently to allege that Connell was personally involved in any of the alleged constitutional deprivations.

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)).  Thus, supervisory officials may not be held liable merely because they held a position of authority. Id.; Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996).  However, supervisory personnel may be considered "personally involved" if:

   (1) [T]he defendant participated directly in the alleged constitutional violation;

   (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong;

   (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom;

   (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or

---

³ Here, evidence outside the amended complaint has been submitted by defendants but not considered.  Defendants claim that these papers are so necessary to Anderson's amended complaint that they may properly be considered by the Court on the present motion without converting the motion to one for summary judgment.  See Int'l Audiotext Network, Inc. v. AT&T, 62 F.3d 69, 72 (2d Cir. 1995).  However, while the documents may be relevant to Anderson's claims, they are not necessary and mere relevance is insufficient to permit a document to be considered on a motion to dismiss.  Moreover, Anderson is entitled to explore the authenticity of the documents in discovery and to discovery and submit other relevant documents if he so chooses.  Accordingly, the documents submitted by defendants on this motion have not been considered.

> (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (citing Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)).

Connell, Superintendent of the DOCS Office of the Inspector General, has been named as a defendant here due to her supervisory capacity. Am. Compl. ¶ 5; Docket No. 34 at 15-16. However, a position in a hierarchical chain of command, without more, is insufficient to support a showing of personal involvement. Wright, 21 F.3d at 501. Thus, Connell cannot be held liable solely because she held a supervisory position over other corrections officials.

Anderson's internal complaint was delegated to Connell for investigation. However, receiving a complaint is insufficient to establish personal involvement. See Garrido v. Coughlin, 716 F. Supp. 98, 100 (S.D.N.Y.1989) (holding that Commissioner of DOCS not personally liable for ignoring plaintiff's letter of protest and request for an investigation). Moreover, Anderson does not allege that Connell was personally involved in the investigation into his complaints but merely that due to the DOCS Inmate Grievance Program, Connell should have known of Anderson's complaints. Docket No. 34 at 15. This presumed knowledge, without more, is also insufficient to establish personal involvement as there exists no allegation that Connell took any action. See Bodie, 342 F. Supp. 2d 193, 203 (S.D.N.Y. 2004) (citations omitted) (finding personal involvement where a supervisory official received, reviewed, and responded to a prisoner's complaint). Moreover, there exists no allegation that Connell created an unconstitutional policy or custom or was grossly negligent in supervising.

Accordingly, defendants' motion on this ground should be granted and Connell dismissed from the action.

### C. Retaliation

Anderson contends that Sharpstene and Hull filed false misbehavior reports in retaliation for the grievances filed by Anderson. To state an actionable claim for retaliation, a plaintiff must first allege that the plaintiff's conduct was constitutionally protected and that this protected conduct was a substantial factor that caused the adverse action against plaintiff. Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996). "Under this analysis, adverse action taken for both proper and improper reasons may be upheld if the action would have been taken based on the proper reasons alone." Jackson v. Onondaga County, 549 F. Supp. 2d 204, 215 (N.D.N.Y. 2008) (citing Graham, 89 F.3d at 79). Additionally, courts must view retaliation claims with care and skepticism to avoid judicial intrusion into prison administration matters. Id. Conclusory allegations alone are insufficient. Id. (citing Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983) (explaining that "claim[s] supported by specific and detailed factual allegations . . . ought usually be pursued with full discovery.")).

Here, Anderson has sufficiently alleged facts to support a retaliation claim. First, construing the facts alleged in the light most favorable to Anderson, he was engaged in filing grievances, an activity protected by the First Amendment. Second, viewing the facts in the light most favorable to Anderson, Sharpstene and Hull have no other reason to file the two disciplinary reports except to retaliate. Sharpstene and Hull found a contraband letter in Anderson's cell, which constituted a disciplinary infraction but failed to charge Anderson with this violation. Am. Compl. ¶ 3. Other disciplinary charges were brought

directly after the cell search yielding the contraband letter and shortly after Anderson negotiated a mutual cease-and-desist with Frey. These circumstances. if proven, could support a finding that the disciplinary charges were brought to retaliate in violation of Anderson's First Amendment rights.

Accordingly, defendants' motion on this ground should be denied.

### D. Fourth Amendment

The Fourth Amendment protects an individual's right "to be secure in [his or her] persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. CONST. amend. IV. Searches and seizures may be conducted if there exists probable cause to believe that a crime has been committed and that evidence of that crime is present on the person or premises to be searched. Id. However, the Fourth Amendment is inapplicable to the unwarranted search of an inmate's prison cell, as inmates have no reasonable expectation of privacy in such a place. See Hudson v. Palmer, 468 U.S. 517, 526 (1984) ("hold[ing] that society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell . . . " and thus the Fourth Amendment does not apply to cell searches); Demaio v. Mann, 877 F. Supp. 89, 95 (N.D.N.Y. 1995) ("Searches of prison cells, even arbitrary searches, implicate no protected constitutional rights.") (citations omitted). However, "[s]uch an unwarranted search could become a constitutional violation . . . only if it was conducted in retaliation for Plaintiff's exercise of a First Amendment right." Brown v. Goord, No. 04-CV-785, 2007 WL 607396, at *14 (N.D.N.Y. Feb. 20, 2007).

Thus, because prisoners do not have a legitimate expectation of privacy in their prison cells, a cognizable claim exists here only if Anderson has alleged facts sufficient to support a retaliation claim. As discussed supra, at this stage in the case, viewing the facts alleged in the light most favorable to Anderson, he has proffered facts sufficient to state a retaliation claim. Accordingly, defendants' motion on this ground should be denied.

### E. Fourteenth Amendment

#### 1. Due Process

Anderson contends that defendants violated their due process rights by filing, convicting, and sentencing him on false misbehavior reports and having a biased hearing officer.

As a threshold matter, an inmate asserting a violation of his or her right to due process must establish the existence of a protected interest in life, liberty, or property. See Perry v. McDonald, 280 F.3d 159, 173 (2d Cir. 2001). To establish a protected liberty interest, a prisoner must satisfy the standard set forth in Sandin v. Conner, 515 U.S. 472, 483-84 (1995). This standard requires a prisoner to establish that the deprivation was atypical and significant in relation to ordinary prison life. Id. at 484; Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir.1999); Frazier v. Coughlin, 81 F.3d 313, 317 (2d Cir.1996). The fact that an inmate has been disciplined with a SHU confinement alone is insufficient to establish an atypical and significant deprivation. The Second Circuit has articulated a two-part test whereby the length of time a prisoner was placed in SHU as well as "the conditions of the prisoner's confinement in SHU relative to the conditions of the general prison population" are to be considered. Vasquez v. Coughlin, 2 F. Supp. 2d 255, 259 (N.D.N.Y.1998) (citing Brooks v.

DiFasi, 112 F.3d 46, 49 (2d Cir.1997)).

Defendants assert that because Anderson received a disciplinary hearing, any defects in the issuance of disciplinary reports are nullified. However, while Anderson possessed no constitutional right to be free "from falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest," Anderson is still entitled "not to be deprived of a protected liberty interest without due process of law." Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). Thus, a fair hearing would cure any due process violations resulting from false accusations. Grillo v. Coughlin, 31 F.3d 53, 56 (2d Cir. 1994); Livingston v. Kelly, 561 F. Supp. 2d 329, 331 (W.D.N.Y. 2008) ("As the Second Circuit noted in its decision in this case, an inmate's allegation that he has been found guilty of false disciplinary charges may support a constitutional claim if he also alleges that he was denied the minimal procedural due process protections . . . ."). .

Prisoners have a constitutional right to have a fair and impartial hearing officer preside over their disciplinary hearings. See, e.g., Sira v. Morton, 380 F.3d 57, 69 (2d Cir. 2004). However, "[t]he degree of impartiality required of prison officials does not rise to the level of that required of judges . . . [as i]t is well recognized that prison disciplinary hearing officers are not held to the same standard of neutrality as adjudicators in other contexts." Allen v. Cuomo, 100 F.3d 253, 259 (2d Cir. 1996) (citations omitted). The Supreme Court held "that the requirements of due process are satisfied if some evidence supports the decision by the [hearing officer] . . " and the Second Circuit has held that the test is whether there was "'reliable evidence' of the inmate's guilt." Luna v. Pico, 356 F.3d 481, 487-88 (2d Cir. 2004); see also Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985).

Reading the complaint in the light most favorable to Anderson, he alleges that Naughton

was biased during the hearing because of a conflict created by his participation in an investigation of the complaining corrections officers at the request of the inmate who was the subject of the hearing. In the context of prison disciplinary hearings, however, such circumstances fail to demonstrate bias cognizable under the Due Process Clause. See Vega v. Artus, 610 F. Supp. 2d 185, 200 (N.D.N.Y. 2009 (Suddaby, J.) (holding that no claim was stated where the hearing officer both conducted the inmate's disciplinary hearing and the inmate's grievance against the complaining corrections officer). Thus, no due process violation can be stated on this ground.

Additionally, Anderson states that he was unable to question a witness at the hearing as Naughton instructed him not to answer Anderson's questions. Viewing the facts in the light most favorable to Anderson, this inability to elicit exculpatory information suffices to survive a motion to dismiss. See Brewer v. Kamas, 533 F. Supp. 2d 318, 330 (W.D.N.Y. 2008) (holding that an inmate has stated a claim where he or she "is unfairly denied the right to rebut the charges by presenting evidence or calling witnesses in defense of the charges") (citations omitted). Hearing officers "may refuse to call witnesses as long as the refusal is justifiable [such as] . . . on the basis of irrelevance or lack of necessity." Scott v. Kelly, 962 F.2d 145, 146-47 (2d Cir. 1992) (internal quotations and citations omitted); see also Richardson, 833 F. Supp. at 152. However, Frey issued the disciplinary charge and directed Sharpstene and Hull to search Anderson's cell. These allegations raise questions of fact whether the testimony precluded from Frey was irrelevant or unnecessary.

At this stage, then, Anderson has alleged which facts which, if proven, could establish a violation of his right to due process. Thus, defendants' motion on this ground should be denied.

**2. False Misbehavior Reports**

Anderson alleges that defendants issued false misbehavior reports in violation of his constitutional rights. As discussed <u>supra</u>, an inmate has a right not to be deprived of a liberty interest without due process. However, a "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." <u>Freeman</u>, 808 F.2d at 951. "There must be more, such as retaliation against the prisoner for exercising a constitutional right." <u>Boddie</u>, 105 F.3d at 862. Accordingly, while Anderson's retaliation claim based on allegedly false misbehavior reports survives this motion for the reasons discussed <u>supra</u>, his claim of a violation of his right to due process based simply on those allegedly false reports cannot. Defendants' motion on this ground should be granted.

**III.  Conclusion**

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss (Docket No. 31) be:

    1. **GRANTED** as to defendant Connell and the amended complaint be **DISMISSED** as to her;

    2. **GRANTED** as to Anderson's due process claim based on (a) a biased hearing officer and (b) false misbehavior reports; and

    2, **DENIED** in all other respects.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the

foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


Dated: August 3, 2009
       Albany, New York

*David R. Homer*
United States Magistrate Judge