UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DERRICK ANDERSON,
                          Plaintiff,

v.

P. NAUGHTON, Deputy of Security, Oneida
Correctional Facility; B. SHARPSTENE,
Correction Officer, Oneida Correctional
Facility; D.S. HULL, Correction Officer,
Oneida Correctional Facility; and SGT. FREY,
Sergeant, Oneida Correctional Facility,

                          Defendants.

No. 08-CV-176
(DNH/DRH)

---

**APPEARANCES:**

DERRICK ANDERSON
Plaintiff Pro Se
1014 Kenmore Avenue
Buffalo, New York 14216

HON. ANDREW M. CUOMO
Attorney General for the State of
   New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**OF COUNSEL:**

ADRIENNE J. KERWIN, ESQ.
Assistant Attorney General

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER

Plaintiff pro se Derrick Anderson ("Anderson"), formerly an inmate in the custody of the New York State Department of Correctional Services (DOCS), brought this action under 42 U.S.C. § 1983 alleging that the four defendants, DOCS employees at the Oneida Correctional Facility where Anderson was formerly incarcerated, violated his constitutional rights. Am. Compl. (Dkt. No. 29). Following decision on defendants' motion to dismiss, an

order was entered directing, <u>inter alia</u>, that discovery be completed by March 10, 2010. Dkt. No. 44. Defendants noticed Anderson's deposition for February 10, 2010 in Albany. Dkt. No. 52. Anderson, now released from custody to parole supervision and living in Buffalo, failed to appear for the deposition. <u>Id.</u> In a letter filed February 26, 2010, Anderson advised that he failed to attend the deposition because his conditions of parole limited his travel to the County of Erie. Dkt. No. 53.

A telephone conference was scheduled for March 11, 2010. Dkt. Text Notice dated 2/11/10. The notice directed Anderson to notify the chambers of the undersigned of the telephone number at which he could be reached at the time of the conference. <u>Id.</u> The notice was sent to Anderson by certified mail, return receipt requested. The mailed notice was returned undelivered on March 12, 2010 marked "unclaimed" and "unable to forward."[1] In the letter from Anderson filed February 26, 2010, however, Anderson provided a telephone number. Dkt. No. 53. A telephone conference was held on-the-record at the scheduled time on March 11, 2010. Counsel for defendants appeared. However, telephone calls to the number provided by Anderson were answered by a message advising that the number was no longer in service. The conference went forward in Anderson's absence, defendants' counsel confirmed the facts recited above, and she requested an order dismissing the action for Anderson's failure to appear for his deposition or for the conference.

The amended complaint should be dismissed for at least three reasons. First, Anderson had an obligation to appear for the deposition. <u>See</u> Fed. R. Civ. P. 30, 37(d).

---

[1] The Clerk shall file the returned notice in the docket of this case.

Anderson had actual notice of the date, time, and place of the deposition.  See Dkt. No. 53. He asserts that he failed to appear because the terms of his parole limited him to the Erie County.  First, however, Anderson never notified defendants of this limitation so that accommodations could be made.  Second, it does not appear that Anderson even asked his parole officer for permission to attend the deposition.  Third, even assuming his parole officer had denied permission, Anderson never contacted the Court to seek an order permitting him to attend the deposition or to request an accommodation for the location of the deposition or to seek any other relief.  As a result, defendants were forced to incur the cost of a stenographer who was retained for the deposition and who still charged a fee for her appearance when Anderson failed to appear. Finally, when a conference with the Court was scheduled for March 11, 2010 to address this matter, Anderson failed to appear and gave no prior or subsequent notice to the Court or defendants' counsel that he would not attend or why he could not do so.

Second, the failure to attend the conference on March 11, 2010 constitutes Anderson's second failure in the last month to appear at a required proceeding.  Thus, while Anderson has recently written to the Court, his failures to appear and participate in the case appear to constitute an abandonment of the action.  Under Fed. R. Civ. P. 41(b), a court may dismiss an action for a plaintiff's sustained failure to prosecute the action.  See Patterson v. Newspaper & Mail Deliverers' Union of N.Y. & Vicinity, 884 F. Supp. 869, 872 (S.D.N.Y. 1995); Stoenescu v. Jablonski, 162 F.R.D. 268, 270 (S.D.N.Y. 1995); West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. 1990); see also N.D.N.Y.L.R. 41.2(a).

Third, Anderson's failure to advise the Court and defendants of his current address and telephone number also indicates that he has abandoned this action.  "Litigants have a

3

continuing obligation to keep the court informed of any change of address that may occur during the pendency of an action." Michaud v. Williams, No. 98-CV-1141(LEK/GLS), 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999); see also N.D.N.Y.L.R. 10.1(b)(2); Fenza v. Conklin, 177 F.R.D. 126 (N.D.N.Y.1998) (Pooler, J.). Issues such as arose here with Anderson's deposition cannot be resolved with the parties if the Court is unable to arrange conferences or if a party cannot be located to provide notice of decisions and proceedings in the case. Consequently, Anderson's failures afford additional grounds for dismissal. See Fenza, 177 F.R.D. at 127.

Accordingly, it is hereby

**RECOMMENDED** that defendants' motion to dismiss the complaint for Anderson's failures to appear for his deposition or for the Court conference (Docket No. 52) be **GRANTED** and that the amended complaint be **DISMISSED** as to all claims and all defendant.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85 (2d Cir. 1993)(citing Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

**IT IS SO ORDERED.**

DATED: March 16, 2010
Albany, New York

_David R. Homer_
United States Magistrate Judge